# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cr-0181-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| STEVEN LAMONT IRVIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Steven Lamont Irvin's Motion to Terminate Supervised Release. (ECF No. 8).

Defendant plead guilty to Count 1 of the Superseding Indictment, Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846, 841. (*See* Transfer of Jurisdiction 8, ECF No. 7).  On February 8, 1999, the United States District Court for the Central District of California sentenced Defendant to 231 months in custody, followed by five years of supervised release. (*Id.*).  Defendant's supervision commenced on April 13, 2012.  The District of Nevada accepted transfer of jurisdiction of Defendant's supervision on May 23, 2012. (ECF No. 2).  Since Defendant's commencement on supervision, Defendant's supervision was modified once to include completion of a mental health treatment program. (ECF No. 5).

Title 18, United States Code, Section 3583(e) allows the court to "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1).  After consideration of several factors set forth in 18 U.S.C. § 3583(e), the court may terminate supervised release if the court "is satisfied that

1    such action is warranted by the conduct of the defendant released and the interest of justice." 18

2    U.S.C. § 3583(e)(1).

3        Here, the Government did not file a Response opposing Defendant's Motion, and the

4    deadline to do so has now passed.  Additionally, Defendant has successfully completed four

5    years on supervised release.  Defendant's Motion includes a letter from Bridge Counseling

6    Associates indicating that Defendant "successfully completed his [mental health] treatment."

7    (Def.'s Mot. 5, ECF No. 8).  Further, Defendant's Motion lists his progress during supervised

8    release, including "Stable community reintegration; . . . No history of violence; . . . No recent

9    arrests or convictions; . . . No recent evidence of alcohol or drug abuse . . . ." (*Id.* at 2–3).

10       After consideration of the factors in 18 U.S.C. § 3583(e), the Court is satisfied that

11   termination of Defendant's supervised release is warranted by Defendant's conduct.  The Court

12   also finds that termination of Defendant's supervised release is in the interest of justice.

13   Accordingly,

14       **IT IS HEREBY ORDERED** that Defendant's Motion to Terminate Supervised Release

15   (ECF No. 8) is **GRANTED**.

16       **DATED** this __11__ day of May, 2016.

17

18   _____

19   Gloria M. Navarro, Chief Judge
     United States District Court

20

21

22

23

24

25